NUMBER 13-05-555-CV
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                                             
 
NIEVES TAMEZ,                                                                  Appellant,

v.

TEXAS MUNICIPAL LEAGUE
INTERGOVERNMENTAL RISK POOL                      Appellee.
                                                                                                                                       

On appeal from the County Court at Law No. 1 
of Hidalgo County, Texas
                                                                                                                                            

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
This appeal follows the entry of a take-nothing summary judgment against Nieves
Tamez on his breach-of-contract claim for insurance benefits against the Texas Municipal
League Intergovernmental Risk Pool (“TML-IRP”). We affirm. 
Tamez was injured in an automobile accident while on duty as an officer in the
Edinburg Police Department. Tamez received workers’ compensation benefits through
TML-IRP, the administrator of a workers’ compensation plan for the City of Edinburg. In
addition, TML-IRP permitted Tamez to sue the other driver involved in the accident. When
the other driver admitted fault, TML-IRP authorized Tamez to settle his claim. 
The parties finalized their settlement, and the at-fault driver’s insurance company
tendered to Tamez approximately $20,000, the full amount authorized under the policy. 
Subsequently, TML-IRP exercised a subrogation lien against the settlement proceeds,
which allowed it to recover some of the benefits paid to Tamez under the City of Edinburg’s
workers’ compensation plan. 
Tamez commenced the instant suit after unsuccessfully attempting to recover
additional benefits from TML-IRP under the terms of an automobile-insurance policy
administered by TML-IRP on behalf of the City of Edinburg. The policy specifically covers
“any vehicle” owned by the City of Edinburg and provides “uninsured/underinsured
motorists” protection for the City of Edinburg or an “eligible person” to a combined limit of
$1 million for each accident. 
Tamez’s live petition alleges that TML-IRP has breached its contract with the City
of Edinburg by refusing to pay him benefits under the policy covering accidents involving
“uninsured/underinsured motorists.” 
TML-IRP filed a motion for summary judgment, arguing, among other things, that
Tamez is not an “eligible person” under the contract and thus has no entitlement to benefits
under the policy. Responding to this particular point, Tamez argued that the interpretation
of the policy offered by TML-IRP would render the policy meaningless, because “no one
could utilize [it].” 
The trial court granted summary judgment to TML-IRP without specifying the
grounds for its ruling. On appeal, Tamez raises four issues.
We review summary judgments de novo. See Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true
all evidence favorable to the nonmovant, and we indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor. See id.  
In his first issue, Tamez contends that the trial court erred in granting TML-IRP’s
motion for summary judgment because there were genuine issues of material fact
regarding underinsured motorist exclusions in the insurance plan. We overrule this issue
because the interpretation of an unambiguous contract is not a fact question but rather a
legal issue for the court to decide. See Seagull Energy E&P, Inc. v. Eland Energy, Inc.,
49 Tex. Sup. J. 744, 2006 Tex. LEXIS 550, *6 (Tex. June 16, 2006) (citing Coker v. Coker,
650 S.W.2d 391, 394 (Tex. 1983)). Tamez’s appellate brief concedes that the contract is
“not ambiguous.” Accordingly, we cannot hold that the trial court erred in interpreting it as
a matter of law. 
In his second issue, Tamez contends that the trial court erred when it found that
TML-IRP “did not waive the plan exclusions” after it consented to and approved Tamez’s
settlement with the at-fault driver’s carrier. We overrule Tamez’s second issue because
Tamez has produced no authority to establish that estoppel or any other similar theory is
applicable to this case. See Tex. R. App. P. 38.1(h). Specifically, we have no basis for
holding that TML-IRP is legally precluded from denying Tamez’s claim under the
automobile policy because it gave consent, in its capacity as the administrator of a
separate worker’s compensation policy, to Tamez’s settlement with the at-fault driver. 
In his third issue, Tamez contends that the trial court erred when it found that he
was not a third-party beneficiary of the insurance policy. We disagree. A third party may
recover on a contract made between other parties only if the parties intended to secure
some benefit to that third party, and only if the contracting parties entered into the contract
directly for the third party’s benefit. MCI Telecomms. Corp. v. Texas Utils. Elec. Co., 995
S.W.2d 647, 651 (Tex. 1999); Knox v. Ball, 191 S.W.2d 17, 21 (Tex. 1945). There is a
presumption against, not in favor of, third-party beneficiary agreements. MCI Telecomms.,
995 S.W.2d at 651. 
In this case, the contract defines the class of persons covered by the policy (i.e.,
“eligible persons”) and specifically states that employees of the City of Edinburg are not
“eligible” for coverage for “bodily injury sustained in the course and scope of their
employment.” Accordingly, we cannot conclude that Tamez was an intended beneficiary. 
Tamez’s third issue is overruled.  
In his fourth issue, Tamez contends that the trial court erred when it failed to
consider Tamez’s additional summary judgment evidence prior to granting TML-IRP’s
motion for summary judgment. We overrule this issue without reaching the merits because
it is inadequately briefed and provides this Court with insufficient detail to discern the
substance of the argument sought to be advanced by this issue. In particular, the issue
is offered to the Court without citation or references to the record, case law, or other
controlling authority that would assist the Court in evaluating the merits of the alleged error. 
See Tex. R. App. P. 38.1(h). 
The judgment of the trial court is affirmed. 
                                                                           ________________________                                                                                       DORI CONTRERAS GARZA, 
                                                                           JUSTICE
                                                                           
          Memorandum Opinion delivered and 
          filed this the 28th day of September, 2006.